UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

    Petitioner,

v.

    Case No. 5:15-cv-11206
    Hon. John Corbett O'Meara
    United States District Judge

KENNETH ROMANOWSKI,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY AND HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [Dkt. 6]**

This is a habeas corpus case filed under 28 U.S.C. §2254 by a Michigan prisoner. Petitioner Darrin LaPine pleaded guilty in the Chippewa Circuit Court to aggravated domestic assault - second offense. MICH. COMP. LAWS § 750.81. He was sentenced as a fourth-time habitual felony offender to 3-to-15 years imprisonment. The petition enumerates thirty-one separate claims.

Petitioner has filed a motion to stay his case so he can return to state courts and exhaust additional claims of newly discovered evidence, prosecutorial misconduct, and suppression of exculpatory evidence. Petitioner claims that on April 13, 2015, he filed a motion for relief from judgment in the trial court raising these claims. Petitioner asserts that on August 17, 2015, he was appointed counsel by the trial court and that an evidentiary hearing is being sought. Respondent filed an answer to the petition, but it does not address Petitioner's request for a stay.

For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust his new claims.

**I. Background**

Following his conviction and sentence, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, seeking an amendment to the judgment of sentence. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. LaPine*, No. 309429 (Mich. Ct. App. June 5, 2012). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court that was denied by standard order. *People v. LaPine*, 825 N.W.2d 66 (Mich. 2013) (table).

Petitioner attempted to file an additional direct appeal, but it was dismissed for lack of jurisdiction. *People v. LaPine*, No. 310744 (Mich. Ct. App. June 26, 2012).

Petitioner then appealed his probation violation conviction, raising eighteen issues, but that appeal was also denied for lack of merit in the grounds presented. *People v. LaPine*, No. 315548 (Mich. Ct. App. Oct. 23, 2013). The Michigan Supreme Court then denied the application because it was not persuaded that the questions presented should be reviewed by the court. *People v. LaPine*, 856 N.W.2d 10 (2014), reconsideration denied, 861 N.W.2d 15 (2015).

Petitioner attempted to further direct appeals, that were dismissed for administrative reasons. *People v. LaPine*, No. 313694 (Mich. Ct. App. Jan. 16, 2013); *People v. LaPine*, No. 320948 (Mich. Ct. App. Apr. 2, 2014).

Petitioner then returned to the trial court and filed a motion for relief from judgment, raising ten claims. The trial court denied the motion for relief from judgment because Petitioner had failed to comply with Michigan Court Rule 6.508(D)(3). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. LaPine*, No. 323524 (Mich. Ct. App. Dec. 22, 2014). Petitioner applied for leave to appeal this

decision in the Michigan Supreme Court, and the Michigan Supreme Court recently denied relief with citation to the same court rule. *People v. LaPine*, No. 150772 (Mich. Sup. Ct. Sept. 29, 2015).

## II. Discussion

Petitioner seeks to eventually present his newly discovered unexhausted claims in this action. A state prisoner seeking federal habeas relief, however, must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See *Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations may ask for a federal habeas petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

According to the allegations in Petitioner's motion, he has discovered claims concerning the suppression of evidence by the prosecution. Also according to Petitioner the trial court has appointed counsel to represent him. Again, Respondent has not filed any opposition to Petitioner's motion. Because Petitioner is alleging his unexhausted claims are based on newly discovered facts, it appears he may have a remedy under Michigan Court Rule 6.502(G). The fact that he has been appointed counsel by the trial court, together with Respondent's failure to oppose the motion, prevents this Court from finding that Petitioner's unexhausted claims are "plainly meritless." See *Rhines*, 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This tolling is conditioned upon Petitioner diligently pursuing relief in the state courts by pursuing a timely appeal in the state courts if his motion for relief from judgment is denied, and then returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. See *Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay (Dkt. 6) is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner re-filing his

habeas petition—using the case number already assigned to this case—within sixty days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  October 22, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 22, 2015, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager